UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | No. 3:06-CR-136 |
| V. | ) | (PHILLIPS/SHIRLEY) |
| | ) | |
| | ) | |
| DWIGHT BRIGHT | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter came before the court on a Petition for Action on Conditions of Pretrial Release [Doc. 75] on December 6, 2006. W. Brownlow Marsh, Assistant United States Attorney, was present representing the government. Stephen Burroughs was present representing the defendant, who was also present.

The defendant was released pursuant to an Order Setting Conditions of Release on November 22, 2006. [Doc. 66]. Condition 2 of defendant's release stated, "[D]efendant shall immediately advise the court, defense counsel and the U.S. attorney in writing before any change in address and telephone number." Condition 6 placed the defendant in the third-party custody of his mother, Margaret Booher ("Booher"), residing at 701 Nelson Street, Philadelphia, Tennessee. Condition 7(t) restricted the defendant to the Booher residence except for limited purposes, including employment, meetings with counsel, and court obligations.

A Petition for Action on Conditions of Pretrial Release [Doc. 75] was filed by Defendant's pretrial services officer on December 1, 2006, stating the defendant had violated several conditions of release. The pretrial services officer asserted the defendant violated Conditions 2 and

6 by informing Booher he was moving out of her residence and going home. Booher phoned in the violation, confirming the defendant moved out of the mandated residence without permission. The pretrial services officer further asserted the defendant violated Condition 7(j) by approaching the Sheriff of Monroe County to lodge a verbal complaint against Detective Morgan and Condition 7(t)(ii) by leaving the mandated home confinement residence on the night of November 30, 2006, and not returning.

At the 18 U.S.C. § 3148 hearing on December 5, 2006, Stephen Burroughs, counsel for the defendant, proffered extenuating circumstances existed which required Defendant to change his address; the defendant's employer had suffered a heart attack and desired for the defendant to be close by, to live on the employer's premises, to help him. The defendant, through counsel, also stated that he neither approached the Sheriff of Monroe County, nor lodged a verbal complaint against Detective Morgan. To determine the merits of the competing claims, this Court continued the hearing to December 6, 2006, so as to allow the parties adequate time to obtain witness testimony. [Doc. 77]. Defendant remained in custody pending the hearing.

On December 6, 2006, this court heard the witnesses' testimonies and the attorneys' oral arguments. The Court held that Defendant violated the terms of his release under 18 U.S. Code § 3142, allowing the judge to issue a warrant for the defendant's arrest. 18 U.S. Code § 3148 (b). Subsection (b) also allows the judge to enter an order of revocation and detention, if certain criteria are met. If the government shows, by clear and convincing evidence, that the defendant violated any condition of his release, and the Court finds there are no conditions or combinations of conditions that would assure the defendant will not flee or pose a danger to the safety of any other person or the community, or that the defendant is unlikely to abide by any condition or conditions of his

release, then the judge may revoke the defendant's pretrial release. 18 U.S. Code § 3148 (b).

In the instant matter, condition 7(j) admonished the defendant to avoid any contact, direct or indirect, with the entire Monroe County Sheriff's Department and/or Detective Morgan. Sheriff Bivens testified that Defendant met with him to discuss a relative's death and to complain about Detective Morgan. The Court found Sheriff Bivens's testimony to be credible, and found Defendant intentionally violated condition 7(j).

Furthermore, this Court found that Defendant violated the conditions requiring the defendant to advise the Court before he changed his address, to stay in residence at his mother's house in her custody, and to participate in home confinement. Each of these conditions was violated when Defendant moved out of his mother's house without any prior notice to the Court and without permission. As this Court found that Defendant planned and committed two violations within a forty-eight hour time period with no concern for the Court's ordered conditions, the Court found Defendant to be a danger and a risk.

Defendant presented the possibility of a new third party custodian, Mr. Hodge. The Court did not find Mr. Hodge to be a suitable third party custodian, as he lives a half mile away from where the defendant would be residing and is in ill health.

For the reasons stated therein, the Court found, pursuant to 18 U.S.C. § 3148, clear and convincing evidence that the defendant violated his conditions of release. The Court also finds there are no conditions or combination of conditions of release which will assure that the defendant will neither flee nor pose a danger to the safety of another person. Further, the Court finds the defendant is unlikely to abide by any conditions or combination of conditions of release. Therefore, the order setting conditions of release is hereby **REVOKED** and the defendant is remanded to the

custody of the United States Marshal pending his trial on **April 2, 2007**, at **9:00 a.m.,** before the **Honorable Thomas W. Phillips**, United States District Judge. The previous Order Setting Conditions of Release [Doc. 66] is hereby **CANCELLED**.

    **IT IS SO ORDERED.**

    ENTER:

<u>   s/ C. Clifford Shirley, Jr.  </u>
United States Magistrate Judge